[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-13082

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

IRA D. ALSTON,
a.k.a. Boss Bundles,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:20-cr-00045-MCR-1

_____

Before WILSON, NEWSON, and GRANT, Circuit Judges.

PER CURIAM:

Ira Alston appeals his 120-month sentence for conspiracy to distribute controlled substances and for conspiracy to use a communication device to facilitate a felony drug trafficking crime. He argues that the district court erred in calculating his advisory guideline range. Specifically, he contends that the district court should not have applied a four-level leadership role enhancement because he was merely a middleman or seller.

**I.**

The sentencing guidelines prescribe a four-level enhancement for a defendant who was an organizer or leader of a criminal activity that involved five or more participants. U.S.S.G. § 3B1.1(a).

We review a district court's legal interpretation of the sentencing guidelines and its application of the guidelines to the facts de novo. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014). We review a district court's findings of fact for a sentencing enhancement under a clear error standard. *United States v. Ghertler*, 605 F.3d 1256, 1267 (11th Cir. 2010).

In criminal cases, any errors that do "not affect substantial rights must be disregarded." Fed. R. Crim. P. 52(a). If a district court states that its sentence would be the same with a different guideline calculation, we assume there was an error, calculate the

guideline range without the error, and analyze whether the sentence would be substantively reasonable under that guideline range. *See United States v. Keene*, 470 F.3d 1347, 1348–50 (11th Cir. 2006). If the sentence would be reasonable, any error in the guideline calculation was harmless, and we will not address the disputed calculation. *Id.* at 1350.

We consider the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard," taking into account the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51 (2007).

## II.

On appeal, Alston argues that the district court erred by imposing a four-level leadership role enhancement because he was merely a middleman or seller. We decline to review Alston's challenge to the district court's leadership role enhancement because, if there was any error, it was harmless.

At Alston's sentencing hearing, the district judge stated that she would impose the same sentence even if she did not apply the enhancement: "I would impose the same sentence regardless of the 4-level [leadership role] increase. I could not, as I said, in good conscience go below the 120 months in this case for the reasons stated."

Because the district court would have imposed the same sentence even without the enhancement, under our case law, we will assume there was an error, calculate the guideline range without the error, and then analyze whether the sentence would be

substantively reasonable under that guideline range. *Keene*, 470 F.3d at 1348–50.

Here, Alston received a base level offense of 38 based on the drug weight. The district court arrived at a guideline range of 262 to 327 months. However, due to Alston's lack of criminal history, the lack of guns or violence in the instant case, and his acceptance of responsibility and substantial assistance to the government, the court found that a downward variance from the guideline range was justified. Thus, the court imposed a 120 month-sentence.

Without the leadership role enhancement, Alston argues—and the government does not dispute—he would have been eligible for a two-level reduction under the "safety-valve provision" of the sentencing guidelines.[1] Accordingly, without the four-level leadership role enhancement, and with the two-level reduction, Alston's base offense level would have been 32 with a guideline range of 135 to 168 months. We find that Alston's 120-month sentence is substantively reasonable even under this assumed, lower guideline range.

In support of its sentencing determination, the district court emphasized the "staggering" drug weight in this case, the dangerous nature of the drugs (heroin, fentanyl, and methamphetamine), and the impact these drugs have on the community. The district court noted the need to punish Alston for the offense, deter others

---

[1] The safety-valve provision provides that, if the defendant meets certain criteria, his base level offense is decreased by two levels. U.S.S.G. § 2D1.1(b)(18).

from similar criminal conduct, recognize the sentences that have been imposed in similar cases, promote respect for the law, and protect the community. Considering the totality of the circumstances, the 120-month sentence imposed by the district court was substantively reasonable. *Gall*, 552 U.S. at 51.

We conclude that if there was any misapplication of the leadership role enhancement, the error was harmless because the district court would have imposed the same sentence even without the enhancement, and the sentence was reasonable. *Keene*, 470 F.3d at 1350. Accordingly, we affirm.

**AFFIRMED.**